IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31319
(Summary Calendar)
_____

WILLIAM HENRY,

Plaintiff-Appellant,

versus

MARK SHUMATE, individually and in his official capacity as
acting Sheriff of East Carroll Parish,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(97-CV-1824)
--------------------
May 10, 2000

Before POLITZ, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant William Henry appeals the magistrate judge's grant of summary judgment for the defendant in his 42 U.S.C. § 1983 action against J.O. Thornton, Sheriff of East Carroll Parish,[**] in his individual and official capacity, alleging a denial of dental care amounting to deliberate indifference.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] Sheriff Thornton died during the pendency of these proceedings in the district court. The case now continues against the present Sheriff, Mark Shumate, in his official capacity. See Fed. R. Civ. P. 25(d).

Henry argues that the district court erred in granting summary judgment because Nurse Dukes's deposition testimony contradicted her affidavit and demonstrated that she is not competent to make the representations that she made. He contends that an issue of fact exists as to whether the defendant had a policy for addressing further inmate care that had been ordered by a treating physician, and, if such a policy was in place, what the policy provided.

Nurse Dukes testified that the policy of providing follow-up care to inmates was not a written Sheriff's Office policy, and that no one had specifically told her that this was the policy; rather it is something that she does as part of her practices as a nurse. Specifically, her procedure is to review the medical records of the inmate returning from Conway Hospital to determine whether follow-up care is needed and to see to it that, if needed, it is provided.

This is the evidence of the policy in place at the East Carroll Detention Center concerning follow-up care, and it contradicts neither the written policy nor Nurse Dukes's affidavit. It merely supplements it. Nurse Dukes's affidavit and testimony are consistent, and both clearly show that she has personal knowledge sufficient to demonstrate her competency as a witness to establish the policy of the Center concerning the provision of follow-up medical care. There is no factual dispute concerning the existence of the policy, and Henry did not allege a custom or practice of failing to comply with the policy. He alleges but a single negligent act, and that is not enough from which to infer a policy. Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).

2

The essence of Henry's argument is that the Sheriff should be liable to him under § 1983 for failure to adopt a formal written policy explicitly stating that a physician's recommendation of follow-up care for an inmate patient must be followed in all instances.  There is no such legal requirement.

Henry argues that the magistrate judge abused his discretion in denying as untimely Henry's motion to amend.  Henry's argument ignores the magistrate judge's additional reason as stated in his order denying the motion to reconsider.  The magistrate judge noted that the proposed amendment sought to assert only a supplemental state law claim which would be futile because he would decline to exercise jurisdiction over that claim if the motion for summary judgment were to be granted.

Henry does not argue that the magistrate judge abused his discretion on this alternate ground, or that, if the amendment had been allowed, the magistrate judge could not have dismissed the state law claim when summary judgment was granted on the federal claim.

AFFIRMED.